IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Rodney Maki, | Case No. 22-cv-02887 (ECT/JFD) |
| Plaintiff, | |
| v. | **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL OPINION AND ORDER** |
| Federal Reserve Bank of Minneapolis, | |
| Defendant. | |

Defendant Federal Reserve Bank of Minneapolis (the "Bank") moves to seal portions of the Court's Opinion and Order on the parties' motions for summary judgment and motions to exclude expert witnesses (the "Order"). The Order includes references to confidential and sensitive information about the Bank's security protocols and staffing. The Bank has sought to keep this same information confidential throughout the litigation to protect the Bank's ability to safeguard its business, including through pending Joint Motions Regarding Continued Sealing. The Bank respectfully requests that the Court seal the Order.

## BACKGROUND

This case arises out of the Bank's policy requiring its employees to be vaccinated against COVID-19. Plaintiff Rodney Maki was a law enforcement officer at the Bank, and he requested an exemption to the COVID-19 vaccination policy

based on an asserted sincerely held religious belief that prevented him from taking the vaccine due to its connection to fetal stem cells. The Bank decided it could not provide an accommodation without suffering undue hardship and terminated Maki's employment. Maki sued the Bank under Title VII.

After completing fact and expert discovery, the parties filed motions for summary judgment and motions to exclude expert witnesses. *See* ECF 42, 49, 65, 74. After the motions were fully briefed, the parties filed Joint Motions Regarding Continued Sealing, as required by Local Rule 5.6(d)(3) (the "Joint Motions"). *See* ECF 104, 105, 108. The parties largely agreed on which information should remain confidential versus which information should be made public, but disagreed on certain categories. In particular, the Bank sought to keep more information about its security protocols, priorities, and staffing confidential than Maki agreed. The Joint Motions currently remain pending.

On May 21, 2025, the Court issued the Order, denying Maki's motion for summary judgment, granting in part and denying in part the Bank's motion for summary judgment, denying Maki's motion to exclude expert testimony, and granting the Bank's motion to exclude expert testimony. The Court issued the Order publicly; it contains references to some of the information the Bank sought to keep confidential through the Joint Motions. The Bank therefore files this motion to seal the confidential information in the Order.

## LEGAL STANDARD

The public's right of access to judicial records is not absolute. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th 2013). When deciding whether the public right of access applies, the Court weighs competing interests between the public and the parties. Courts "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223.

## ARGUMENT

The Bank respectfully requests that the Order be filed under seal, and publicly with redactions, to protect highly sensitive information, the disclosure of which may harm the Bank and the national interests it serves. Information that refers to "sensitive and confidential business information" in which the parties have "legitimate interests in protecting" may be filed under seal in this Court. *See R.L. Mlazgar Assocs., Inc. v. Focal Point, LLC*, 2024 WL 3071424, at *1 (D. Minn. June 20, 2024). The weight given to the presumption of public access versus the justifications for sealing depends on the stage of litigation. *See IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Specifically, "the public's interest is stronger when the sealed items implicate a district court judge's exercise of Article III power in deciding a dispositive motion on the merits." *Willis*

*Elec. Co. v. Polygroup Ltd. (Macao Com. Offshore)*, No. 0:15-CV-3443-WMW-KMM, 2019 WL 2574979, at *1 (D. Minn. June 24, 2019).

The Bank seeks to keep confidential three narrow categories of information: (1) details regarding law enforcement shifts and staffing at the Bank, (2) references to staffing of security posts at the Bank, and (3) discussion of modifications to the Bank's security protocols during the COVID-19 pandemic.[1] The Bank has legitimate interests and compelling reasons to keep these categories of information confidential, and the Bank's interest outweighs the public's right of access to court records, even in the context of the dispositive motions decided by the Order.

As explained in the Joint Motions, these categories of information are related to the security operations and priorities of the nation's central bank for this region, and there are compelling national security and safety reasons to prevent disclosure of such information to the public. These are classic examples of compelling reasons to seal court records. *See, e.g., United States v. Wash. Post Co.*, 403 U.S. 943, 943 (1971) ("Portions of the record or argument relating to matters claimed to affect national security may be filed in sealed form."). The information should be redacted and kept confidential to protect the public from gaining insight into the Bank's security priorities and protocols, regardless of whether the specific protocols are

---

[1] If useful to the Court, the Bank will submit a confidential copy of the Order with the confidential portions marked for the Court's review in conjunction with this Motion.

currently in force. By contrast, the public's interest in this information is minimal; the Bank seeks only minor redactions to the Order that will not preclude the public from accessing the key facts or the Court's decision and rationale on the matters at issue. The balance therefore weighs in favor of sealing the limited categories of information in the Order.

The Court should grant the Bank's instant motion to seal and, in addition, grant the Bank's positions in the pending Joint Motions.

## CONCLUSION

For the foregoing reasons, the Bank respectfully requests that the Court order its Motion to Seal, and re-issue a redacted, public version of the Order.

Dated: May 27, 2025

**GREENE ESPEL PLLP**

 s/ Jenny Gassman-Pines
Jenny Gassman-Pines, Reg. No. 0386511
Davida McGhee Williams, Reg. No. 0400175
Gina M. Tonn, Reg. No. 0504172
Michelle E. Morrow, Reg. No. 0504419
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
jgassman-pines@greeneespel.com
dwilliams@greeneespel.com
gtonn@greeneespel.com
mmorrow@greeneespel.com
(612) 373-0830

Attorneys for Defendant Federal Reserve Bank of Minneapolis